PONDER, Justice.
 

 In these consolidated suits the plaintiffs, owners of a large tract of land located in St. Tammany Parish, seek to have the time limit for the removal of timber under a certain deed to be decreed expired and to enjoin -any further cutting or removal of timber from the land. Exceptions of no cause and no right of action were interposed by the defendants based on the ground that the time limit for the removal of the timber was -fixed in the timber deed at twenty years, which were overruled. On the trial of these suits the lower court gave separate judgments decreeing that the time limit for the removal of the timber had expired under the terms of the timber deed and enjoined the defendants from cutting and removing timber from the land. The defendants have appealed.
 

 On May 25, 1937, William C. Forbess, who was then the owner of the property, conveyed by deed all the standing and fallen timber -on the property from twelve inches and -up to Fred W. Refiners, Refiners conveyed the -timber to the Natalbany Lumber Company, Ltd. on December 23, 1941. The Natalbany Lumber Company, Lt-d. -deeded the timber to H. A. Powell on December 19, 1941. Powell conveyed a portion of the timber to G. H. Williams on August 3, 1944 and the remainder to Lorett McQueen on August 10, 1944.
 

 The defendants’ titles flow by mense conveyances from the original timber deed from Forbess to Reimers of May 25, 1937. Consequently, this original contract of -sale must be construed in order to determine whether the time limit for the -removal of the timber has expired. The pertinent provisions of this contract are -as follows:
 

 “(a) All such rights, ways, privileges, ■servitudes and easements in, on, over and upon the said lands hereinabove described,
 
 *555
 
 as. may be useful, convenient, or necessary for roads, tram roads, float roads, canals, railroads, skidders, or other equipment useful, necessary or convenient in cutting, manufacturing, conditioning, and removing timber and timber products from said ■lands and from other lands in the neighborhood, the timber upon which may be owned or controlled either by purchaser or by any company in which he is a stockholder, together with the right to build, construct, maintain, dredge and utilize canals, roads, tram roads, float roads, railroads and other faciftties for all of the purposes stated, all of which rights shall continue for the period of twenty (20) years from the date hereof, notwithstanding the termination of any or all other rights granted to purchaser hereunder.
 

 “(b) All such rights, ways, privileges, servitudes and easements in, on, over and upon the said lands hereinabove described, as may be useful, convenient, or necessary to establish, construct, maintain and operate logging camps and mills, and manufacturing establishments of all kinds, for the purpose of cutting, manufacturing, conditioning and removing timber and timber products of all kinds from said lands and from other lands in the neighborhood, the timber upon which may be owned or controlled either by purchaser or by any company in which he is a stockholder, these rights to continue for the period of forty-eight (48) months from the date hereof, hereinafter mentioned, plus any extension of said period which may be obtained by purchaser under the conditions hereof or otherwise.
 

 “The purchaser is hereby granted the full term of forty-eight (48) working months from the date hereof in which to cut and remove the timber purchased, it being understood that- a working month i-s a month of thirty (30) working days, exclusive of Sunday, of ten (10) hours per day, during every day of which working month purchaser shall be able to log, remove and manufacture timber upon all of the property above described free from interference by mud, adverse weather conditions or high water in Pearl River or its tributaries. In case of such interference during any portion of any month, the forty-eight (48) month cutting period shall be extended for one additional day for each working day in which such interference may have occurred, plus such additional days as may be lost in withdrawing and replacing working forces. The said forty-eight (48) "month cutting period shall likewise be lengthened: — (a) in case of strikes or other working conditions, either among purchaser’s working force or upon the railroads over which the logs are hauled, by a number of working days equal to those lost as a result of such strikes; (b) in case of the passage of any State' or Federal laws decreasing the number of working hours in a working day or the ■number of working days in a working week by a corresponding additional number of working days.”
 

 
 *557
 
 The appellants contend that the lower court erroneously overruled their exceptions of no cause and no right of action based on the ground that the time limit for the removal of timber was fixed in the contract at twenty years. They take the position that, when all the clauses in the original timber deed are considered by giving the words used therein their common and usual signification, by construing the contract in their favor and against the seller, and 'by giving effect to the construction placed on the contract by the parties to it, it was the intention of the parties to fix the time limit for the removal of the timber at twenty years. Counsel has cited many authorities governing the construction of contracts whose terms a^e uncertain and ambiguous. The authorities lend us no aid in construing this contract because the time limit for the removal of •the timber is specifically fixed in the contract itself and there is no ambiguity or uncertainty in its terms in this respect.
 

 The evidence shows that at the time the original contract was entered into Reimers was president of the Natalbany Lumber Company, Ltd., which owned timber on adjacent lands. The provisions in the contract granting the purchaser rights of way, etc., for a period of twenty years was evidently placed therein for the purpose not only of removing the timber from this land but that of adjacent lands owned and controlled by the company with which he was connected. In fact, it is stated in this provision of the contract that such rights of way, etc., are granted for the purpose of removing timber from the land and adjacent lands. The second provision in the contract undoubtedly was placed therein in order that the purchaser would in any event have forty-eight working months to remove the timber. The provision in the contract fixing the time limit for the removal of the timber specifically fixes the time limit at forty-eight months with provisions granting additional time in cases of strikes, etc., and in case of the passage of any State or Federal laws decreasing working hours per day or working days per week. The provision fixing the time limit for the removal of timber contains no reference to a twenty year period and the provisions granting additional time undoubtedly are designed to 'take care of any time lost by reasons of strikes and the passage of such laws. The evidence does not disclose that any time was lost because of strikes or on account of the federal Fair Labor Standards Act of 1938, 29 U.S. C.A. § 201 et seq.
 

 On hearing of the merits, the trial judge arrived at the conclusion, after hearing the testimony of the witnesses, that logging operations could be conducted on the land in question for a period of seven months out of each year without the interference of mud, adverse weather conditions or high water and, as one hundred and eleven months had expired since the contract had been entered into, that the defendant and their predecessors in title had more than forty-eight working month? in which to
 
 *559
 
 remove the timber. We have reviewed the testimony and find that the trial judge was amply justified in his finding of facts, and the record does not disclose any manifest error in his findings. As a matter of fact, the testimony discloses that timber operations were conducted over the entire land during a period of four years shortly after it was acquired and that during this period of time that these operations were carried on for a period of ten months each year.
 

 The testimony discloses also that the timber has been removed from the entire tract of land on several occasions and that only a few scattered trees remain thereon. The trial judge, after reviewing this testimony, concluded that under the holding of American Creosote Works, Inc., v. Campbell et al., 172 La. 866, 135 So. 659, the privilege of removing the timber having 'been fully exercised by the vendees and their predecessors in title that they would not be warranted in removing any more timber from the land even though the time limit had not expired. Counsel for the appellants contends that the trial judge erred in considering this testimony because the plaintiffs did not plead the fact and based their suits solely on the ground that the contract had expired under its terms. The testimony was admitted without objection and the trial court took the position that it had the effect of enlarging the pleadings. While there are authorities to support the trial judge in this respect, it is not necessary for us to pass on the question for the reason we have concluded that the time limit fixed in the contract has expired under the testimony in this case.
 

 For the reasons assigned, the judgments of the trial court in these consolidated cases are affirmed at defendants’, appellants’' costs.